MOORE, Chief Justice
(dissenting).
I respectfully dissent because I do not believe that U.S. Bank National Association and U.S. Bancorp have demonstrated a clear legal right to mandamus relief. I do not see how a party could have a clear legal right to relief when the issue presented is one of first impression. Making the alleged legal right even less clear is the fact that federal courts in Alabama have held that where, as here, the alleged injury is financial, jurisdiction is proper where the injury is felt. Glass v. Southern Wrecker Sales, 990 F.Supp. 1344, 1348 (M.D.Ala.1998); APR, LLC v. American Aircraft Sales, Inc. (No. 3:12cvl019-MHT, Feb. 19, 2013) (M.D.Ala.2013) (not reported in F.Supp.2d); Renasant Bank v. Park Nat’l Corp. (No. 12-0689-WS-C, April 10, 2013) (S.D.Ala.2013) (not reported in F.Supp.2d). The injury here was certainly felt in Alabama. Although these federal court decisions do not cite Alabama law and are not binding on this Court, they are evidence indicating that the legal right to relief in this case is less than clear.